[Civ. No. 1941.   First Appellate District.—December 21, 1916.]

SERENA H. KNIGHT, Respondent, v. ALL PERSONS, etc., Defendants; GEORGE L. CENTER et al., Appellants.

MUNICIPAL CORPORATIONS — CITY AND COUNTY OF SAN FRANCISCO— SCOPE OF VAN NESS MAP.—The map of the city and county of San Francisco, made pursuant to the terms of the Van Ness ordinance, is limited by virtue of the express terms of such ordinance to those lands lying west of Larkin Street and southwest of Johnson Street, and cannot be given effect as to the portion which undertakes· to cover lands lying without such boundaries by the extension of street lines thereon beyond the limits prescribed for the official survey.

ID.—QUIETING TITLE—PROOF OF DESTROYED JUDGMENT—ABSTRACT OF TITLE.—Where in an action to quiet title under the McEnerney Act to a lot in the city and county of San Francisco, the plaintiff relied upon a judgment obtained by her predecessor in interest quieting his title to the property against the city, and it was shown that the original record of such suit and judgment was destroyed in the conflagration of 1906, evidence of an abstract of title made by an abstract and title company, purporting to be a correct and complete abstract of all matters appearing of record affecting the title to the property, and also purporting to show the filing of the complaint in such suit and the entry of judgment therein, was properly admitted as secondary evidence of such destroyed record under the provisions of section 1855a of the Code of Civil Procedure, as amended in 1911.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. William M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

Morrison, Dunne & Brobeck, and Edward Lynch, for Appellants.

Percy E. Towne, and Peter A. Breen, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in plaintiff's favor in an action to quiet title under the McEnerney Act. [Stats. 1906 (Ex. Sess.), p. 78.]   The land

in question is a rectangular lot lying at the southeasterly end of South Beach block No. 40 in the city and county of San Francisco, near the corner of Eighth and Channel Streets, and which would be included within a prolongation of Alameda Street. The plaintiff alleges that she is the owner of said lot, deriving her title thereto by a deed from her husband, Thomas Knight, dated September 17, 1901, and from her alleged open, actual, peaceable, exclusive, and notorious possession of said property since said date. The defendants George L. Center, Joseph B. Coryell, and William Matson, who are the appellants herein, and who appeared in the said proceeding to contest the plaintiff's claims, are the owners of premises adjoining that claimed by the plaintiff, and which would abut upon Alameda Street if such street were prolonged so as to cover the property in dispute. These defendants in their answers deny that plaintiff is the owner of said premises through her deed thereto from Thomas Knight, or otherwise, and deny that she has been in the actual, peaceable, or exclusive possession of the same since the seventeenth day of September, 1901, or since any other date than July 1, 1910; and in addition to said denials they affirmatively allege that the said tract of land was duly laid out, dedicated, and accepted to public use as a street by the city of San Francisco, the then owner of all the lands in that region, including said tract, by virtue of an ordinance duly and regularly adopted by the constituted authorities of said city on the twentieth day of June, 1855, numbered 822, and also by an ordinance confirmatory of said ordinance 822 duly and regularly adopted on September 27, 1855, and numbered 845, under which said ordinances a certain official map of that portion of said city, known as the "Van Ness map," was made; and also by an act of the legislature ratifying and confirming both of said preceding ordinances, duly adopted on March 11, 1858. The said defendants allege that they have an easement in the said premises thus claimed to have been dedicated as a public street, and pray that the plaintiff take nothing by her said action.

Upon the issues thus framed the cause proceeded to trial, whereupon it appeared that the lands in question were originally a part of the pueblo of said city lying within the exterior limits of South Beach block No. 40, and were part of a large area of tide-lands within the charter limits of said

city as defined in the charter act of April 15, 1851; that
from a very early date in the history of the city these lands
began to be gradually filled in by the dumping of earth and
garbage, and also began to be the subject of occupation and
adverse possession by various persons seeking to obtain title
thereto by various and sometimes devious ways. It is not
necessary to deal in detail with the tangled history of the
several sorts of title thus sought to be imposed upon this
property; but it sufficiently appears that in the month of
August, 1865, Thomas Knight, the immediate predecessor
in interest of the plaintiff herein, became the grantee of a
deed to a tract of said land of which the property in ques-
tion is a part, from one Henry B. Brooks, who had acquired
his claim of title thereto from one E. C. Marshall, who in
his turn had sought to gain title thereto by means of a pre-
emption thereof under the federal laws. In the same year
said Knight also received a deed to the same premises from
the grantor, who had mediately gained color of title thereto
through a conveyance by the state of California to one J. F.
McDougald, dated November 7, 1855. From the time of
the first of these conveyances to him, said Thomas Knight
had been and continued to be in possession of said premises
claiming to own the same, and being engaged in almost con-
tinuous litigation with various and sundry sorts of claim-
ants asserting hostile titles to the property. In the year
1868 said Knight commenced an action against the city and
county of San Francisco to quiet his title to the whole of
South Beach block No. 40, describing it by metes and bounds
and claiming to be its owner. The city appeared and an-
swered in said action; a trial was had, and a judgment
rendered in plaintiff's favor to a portion of said block em-
bracing the lands in question here. There is, in our opinion,
sufficient evidence to have justified the trial court in its con-
clusion that the plaintiff through these various efforts of her
immediate predecessor, acquired title to these premises, and
also, through her own adverse possession of the same, had
become and was the owner thereof at the time of the institu-
tion of the present action, unless these efforts of her pre-
decessor and herself to thus acquire title to the same had
been rendered ineffectual by the action of the city amounting
to a dedication of the property to public use as a street, ac-
complished through the passage of several ordinances and

acts referred to in the answer of the defendants and appellants herein, and through the making and recordation of the so-called Van Ness map of that portion of the city.

The first of the ordinances relied upon by the defendants in support of their said claim is that numbered 822, known as the Van Ness ordinance and dated June 20, 1855. It is needless to go afield in a search through reliable or unreliable historical records for the reasons underlying the passage of these ordinances, since they sufficiently speak for themselves as to the lands which, under their direction, were to be claimed and required by the city under the township laws of the United States, and were to be included in the survey and map of said lands so directed to be made. In both of these ordinances these lands are designated as being "that portion of the city lying west of Larkin Street and southwest of Johnson Street." It was these lands, and these only, of which the city surveyor was directed to make an official survey and map by the express terms of ordinance numbered 845. It is true that in the making of said map the city surveyor extended the lines of the streets delineated thereon beyond the limits prescribed for his official survey, and that in so doing he represented Alameda Street upon said map as extended over the premises in question here; but in the certificate to said map signed by the said city surveyor, and also by the three commissioners appointed to assist in the making of said official survey and map, it is certified as having been made under and by virtue of said ordinance "for the location and dimensions of the streets to be laid out within the city limits west of Larkin and southwest of Johnson Streets." This map was approved and adopted by the board of supervisors of said city in October, 1856; and in the ordinance approving and adopting the same, it was declared to be the plan of the city in respect to the location of streets and avenues in that portion of the city named in said ordinances.

It would thus seem to be perfectly clear that the only portion of the so-called Van Ness map which can be deemed official or effectual as amounting to a delineation, or as tending to lay the foundation for a dedication of any lands embraced therein as public streets, must be confined to those lands which lie west of Larkin and southwest of Johnson Streets, and hence cannot be given effect as to that portion thereof which undertakes to cover the lands lying without

said boundaries, which it is conceded the lands in question do. That it was so confined in its operation and effect we find to have been settled in the early case of *San Francisco* v. *Canavan*, 42 Cal. 541, 554, wherein the direct question was involved and decided. If said map is to be limited in its official operation and effect to the lands lying within said boundaries by virtue of the express terms of said ordinance authorizing the making of the same, it must follow that any acts of the legislature or of Congress which refer to said ordinance or to said map cannot be held to have given to it a broader application than that to which it was limited by the original ordinance which authorized its creation.

It follows that the contention of the appellants herein that the extension of Alameda Street over said lands as shown upon said map was effectual as working a dedication of said lands to public uses as an extension of said street, cannot be sustained.

The appellants have not pleaded, and do not seriously contend, that by any of the other or later ordinances or maps of the lands of said city such a delineation and dedication of the premises involved in this action as would constitute the same a public street, was ever sufficiently made to prevent or defeat the acquisition of title thereto in the plaintiff or her predecessors by adverse possession.

At the trial the plaintiff sought to rely upon a judgment obtained by her predecessor, Thomas Knight, in the year 1868, quieting his title to said premises against said city. The original record of said suit and judgment was destroyed in the conflagration of 1906, and hence in proof thereof the plaintiff offered in evidence an abstract of title made by the City Abstract and Title Insurance Company, purporting to be a correct and complete abstract of all matters appearing of record affecting the title to the property in question, and also purporting to show the filing of the complaint in said action and the entry of such judgment therein. We are satisfied from an examination of said abstract of title that it comes within the provisions of the act of 1911, [Stats. 1911 (Ex. Sess.), p. 64], amendatory of section 1855a of the Code of Civil Procedure, permitting secondary evidence of the records destroyed by said fire, and hence that such abstract was properly admitted in evidence. We are also of the opinion that the other objections which the defendants

32 Cal. App.—25

urged against the admission of said abstract, based upon alleged inaccuracies and omissions therein, went rather to the weight than to the admissibility in evidence of such secondary proof as to the existence and scope of said judgment.

This judgment when proven must be held to be conclusive as to its effect in quieting the title to said premises in favor of the plaintiff's grantor and against the city and county of San Francisco, and hence also against all persons claiming an easement in said premises, depending upon the right and title of the municipality to the same, as a public street. (*Strand Improvement Co.* v. *City of Long Beach,* 173 Cal. 765, [161 Pac. 975].)

With respect to the evidence offered touching the adverse possession of said premises by the predecessor of plaintiff prior to 1901, and by herself thereafter, we think that it was sufficient to justify the finding of the trial court resolving whatever conflicts there were therein in plaintiff's favor, and this being so its finding in that behalf will not be disturbed.

We discover no error in the record which would justify a reversal of the case.

Judgment affirmed.

Lennon, P. J., and Kerrigan, J., concurred.